odUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY SR.,

    Plaintiff,

v.                               CAUSE NO. 3:18CV589-PPS/MGG

WENDY W. DAVIS, et al.,

    Defendants.

## OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed an amended complaint about various events that occurred between his arrest and eventual state conviction. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] §1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lacey is currently an inmate at the Westville Correctional Facility. The amended complaint is focused on various events that took place before he was incarcerated at

Westville. On May 10, 2017, he was arrested pursuant to a warrant. Without any detail, Lacey complains it was an "insufficient warrant" based on Fort Wayne Detective Craig Wise's "inadequate investigation." ECF 6 at 2. After his arrest, Lacey was confined in an unidentified jail. Lacey complains that he was not informed of the charges against him. *Id*. He claims that while confined at this jail, his clothes were ruined when he was forced to sleep on the floor. *Id*. He claims that on May 24, 2017, Judge Samuel Keirns imposed an excessive bond. *Id*. at 3. During this time, Lacey claims that his court appointed attorneys, Bart Arnold and Timothy Lemon, provided ineffective assistance of counsel. *Id* at 3, 4. On September 21, 2017, prosecutors presented him with a plea agreement, which Lacey believes was unconstitutional. *Id*. at 4. He also complains that prosecutors amended his charges shortly before trial. *Id*. He further alleges that during trial "the Judge" coerced him into silence, violating his First Amendment rights. *Id*. at 5. After his conviction, on November 9, 2017, he claims that he received an unconstitutional sentence. *Id*.

Despite Lacey's various allegations, the complaint fails to state a claim against any named defendant. The complaint names six defendants. The first defendant is Judge Wendy Davis. However, Judge Davis is not mentioned anywhere in the body of the complaint. Thus, Lacey has not stated a plausible claim against her. Nevertheless, even if Lacey had named Judge Davis, the judge would be entitled to absolute immunity for her judicial actions, even if Lacey believes the judge acted improperly. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Next, the amended complaint names Gregory Ridenour as a defendant. However, Ridenour is not mentioned in the complaint's allegations either. Thus, it is unclear who this individual is or why he is being sued.

Next, Lacey names three Allen County deputy prosecutors as defendants -- Karen Richards, David McClamrock and Alison Yeager. However, Lacey does not name any of these individuals in the amended complaint's allegations. Instead, he lumps all three individuals together and generally complains about various actions taken by "the prosecutors" in initiating Lacey's prosecution and during trial. Not explaining what each individual did is a problem because "section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Thus, Lacey needs to explain what actions each prosecutor took and go on to discuss how those actions violated his constitutional rights.

Regardless, even if Lacey would have individually named any of the prosecutors in the body of the complaint, that may not have gotten him any further along. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields

prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."(quotation marks and citation omitted).

Finally, Lacey names Fort Wayne Police Department Detective Craig Wise as a defendant. Lacey complains that Detective Wise conducted an "inadequate investigation" which led to an "insufficient warrant" being issued for Lacey's arrest. Though it is clear that Lacey does not believe he should have been arrested based on Detective Wise's investigation, it is unclear what, exactly, Lacey is alleging against Detective Wise. It may be that he is alleging he was falsely arrested. However, the existence of probable cause is an "absolute bar" to a Fourth Amendment false arrest claim. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *Id.* at 707. Here, Lacey concedes that officers arrested him pursuant to a warrant. *See Juris v. McGowan*, 957 F.2d 345, 350, (7th Cir. 1992) ("Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation."). Thus, he has not plausibly alleged a claim for false arrest.

It may also be that Lacey is alleging that he was wrongfully arrested pursuant to that warrant. That is to say, Lacey may believe that Detective Wise caused the arrest warrant to be issued knowing that he was not the proper person to be accused. This is more akin to a claim for malicious prosecution. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001). But Lacey has not stated a plausible

4

claim for malicious prosecution either. This is because any such claim would not accrue unless and until the criminal proceedings have terminated in Lacey's favor (i.e., acquittal or dismissal of the charges). *Id.* Lacey does not allege this occurred.

Though the amended complaint does not state a valid claim, I will grant Lacey an opportunity to file one more amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, he should only file one if he can address the deficiencies set forth in this order. Most notably, Lacey needs to name the defendants who were personally responsible for the conditions he complains about. He then needs to go on to explain what each defendant did in connection with each claim. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – should be available upon request from Westville's law library. On the second amended complaint, he must put the cause number of this case which is on the first page of this order, and he should organize his narrative in numbered paragraphs.

Accordingly:

(1) Terrance E. Lacey. Sr., is GRANTED until February 25, 2019, to file a second amended complaint; and

(2) he is CAUTIONED, that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 16, 2019.

                                              /s/ Philip P. Simon  
                                              JUDGE  
                                              UNITED STATES DISTRICT COURT